Carlos N. Iriarte (SBN 187327)
LAW OFFICE OF CARLOS N. IRIARTE
The Petroleum Building
714 W. Olympic Blvd., Suite 450
Los Angeles, CA 90015
Tel.: (213) 746-6644
Fax: (213) 746-4435
carlos.n.iriarte@gmail.com

Attorney for Defendant
ANTHONY TARTAGLIA

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ANTHONY TARTAGLIA, <br><br> Defendant. | 19-CR-00560-ODW <br><br> DEFENDANT ANTHONY TARTAGLIA'S SENTENCING POSITION |

Given Defendant ANTHONY TARTAGLIA's ("Tartaglia") constant, consistent and unprecedented rehabilitative efforts on his own volition since 2015 and continuing through the present, Tartaglia respectfully submits to your Honor that a 30-month custodial sentence more than satisfies the tenets of 18 U.S.C. § 3553(a).

DATED: October 23, 2020                             Respectfully submitted,

                                                    /s/ Carlos N. Iriarte
                                                    Carlos N. Iriarte
                                                    Attorney for Defendant

1
DEFENDANT ANTHONY TARTAGLIA'S SENTENCING POSITION

Carlos N. Iriarte (SBN 187327)
LAW OFFICE OF CARLOS N. IRIARTE
The Petroleum Building
714 W. Olympic Blvd., Suite 450
Los Angeles, CA 90015
Tel.: (213) 746-6644
Fax: (213) 746-4435
carlos.n.iriarte@gmail.com

Attorney for Defendant
ANTHONY TARTAGLIA

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br>Plaintiff,<br><br>v.<br><br>ANTHONY TARTAGLIA,<br><br>Defendant. | 19-CR-00560-ODW <br><br>DEFENDANT ANTHONY TARTAGLIA'S SENTENCING POSITION |

Given Defendant ANTHONY TARTAGLIA's ("Tartaglia") constant, consistent and unprecedented rehabilitative efforts on his own volition since 2015 and continuing through the present, Tartaglia respectfully submits to your Honor that a 30-month custodial sentence more than satisfies the tenets of 18 U.S.C. § 3553(a).

DATED: October 23, 2020                             Respectfully submitted,

                                                    /s/ Carlos N. Iriarte
                                                    Carlos N. Iriarte
                                                    Attorney for Defendant

# MEMORANDUM OF POINTS & AUTHORITIES

## I. *Tartaglia Has Earned The 30-Month Sentence Through His Own Tireless & Unprecedented Rehabilitative Efforts*

As shown below, on his own volition Tartaglia has and continues to make every effort to rehabilitate himself. And while Tartaglia realizes the need for time in custody to satisfy the seriousness of his conduct and to provide just punishment, a 30-month custodial sentence more than satisfies the tenets of 18 U.S.C. Section 3553(a).

Tartaglia thanks the Probation Office[1] and United States Attorney's Office for its respective recommendations. However, a 45-month or 51-month sentence are greater than necessary to comply with the factors in 3553(a) given Tartaglia's particular characteristics, which but for this case he has no criminal history whatsoever and has lived a productive life to date, and his tireless efforts to rehabilitate himself. Furthermore and as stated by the Government in its position paper, Tartaglia "is a good candidate for rehabilitation and has a lower-than-average risk of reoffending." [Page 4, lines 20-21.]

### A. *The Timeline Of Events Since The Authorization Of The Search Warrant Justify A 30-Month Custodial Sentence*

- *June 4, 2015*—Search Warrant Authorized.

---

[1] Tartaglia has no objection to the PSR.

2

DEFENDANT ANTHONY TARTAGLIA'S SENTENCING POSITION

- *June 10, 2015*—Search Warrant Executed. Since this date, Tartaglia completely eliminated all of his access to the internet except his work computer and this continues to date.

- *June 12, 2015*—Counsel Retained. Counsel speaks with Special Agent My K. Bach ("S.A. Bach") from Homeland Security.

- *June 16, 2015*—Tartaglia begins individual psychotherapy with Gabrielle Taylor, PhD and since then has maintained weekly meetings with her[2].

- *June 16, 2015*—Tartaglia goes through a comprehensive psychological & risk assessment by Hy Malinek, PsyD.

- *June 18, 2015*—Tartaglia begins and continues to the present to attend numerous weekly sessions of Sex Addicts Anonymous classes. Tartaglia has attended in excess of 720 classes as of the filing of this position[3].

- *August 20, 2015*—S.A. Bach returns seized laptop to counsel and Tartaglia relinquishes ownership of said computer to his attorney.

- *December 2015*—Investigation assigned to AUSA Robyn K. Bacon.

- *January 2017*—Counsel receives investigative reports from AUSA Bacon.

- *March 29, 2017*— Tartaglia goes through another comprehensive psychological & risk assessment by Hy Malinek, PsyD[4].

---

[2] Attached as Exhibit A are Professor Taylor's reports dated March 21, 2017, and October 8, 2020. To be filed under seal.
[3] Attached as Exhibit B are Tartaglia's attendance sheets totaling 24 pages. To be filed under seal.

- *August 7, 2019*—AUSA Bacon mails pre-filing plea agreement.
- *August 12, 2019*—Tartaglia executes the pre-filing plea agreement.
- *September 20, 2019*—Information and executed FRCP 11(c)(1)(C) plea agreement filed with a range of 30-60 months.
- *October 2, 2019*—Summons to Appear mailed to counsel.
- *October 29, 2019*—Tartaglia appears for arraignment on the Information.
- *December 2, 2019*—Tartaglia appears before your Honor and changes his plea.
- *October 8, 2020*—Tartaglia paid $10,000.00 to the victim "Maureen". In addition and per Tartaglia's request, his counsel advised the attorney for "Maureen" that he will write a letter to her but only if it will assist "Maureen" in her own healing. To date, Tartaglia is waiting for a response.

### B.   Your Honor Has Wide Discretion To Consider Tartaglia's Individual Circumstances & Characteristics

Tartaglia's history is relevant to whether a lengthy prison term is "necessary" to satisfy just punishment or to prevent further crimes by him, and whether rehabilitation is needed, or can be accomplished in a more effective manner. In U.S. v. Beiermann, (N.D. Iowa 2009) 599 F. Supp. 2d 1087, 1112, the Court held that "[w]here the particular defendant convicted of a child pornography offense

---

[4] Attached as Exhibit C are Dr. Malinek's reports dated June 30, 2015 (preliminary report of his comprehensive exam), and April 14, 2017 (comprehensive psychological exam & risk assessment). To be filed under seal.

has a low potential for recidivism, particularly where that low potential is well informed by expert evaluations and the defendant's post-arrest conduct, the defendant has no significant prior criminal history, and where the defendant appears genuinely remorseful about his crimes and aware of the harm that they cause, several courts have found little need to impose a full Guideline sentence to protect the public."

Of all of the purposes of sentencing, the need to protect the public from further crimes of the defendant is the one of greatest practical concern and is most capable of being measured. And Tartaglia has provided your Honor with undisputed evidence that he will not re-offend, and the Government itself recognizes his lower than average recidivism rate. To further demonstrate that Tartaglia will not re-offend, once he is released from custody he will reside in Las Vegas in a senior living community.

As your Honor is aware, Courts have broad discretion to vary downward. Furthermore and given Tartaglia's individual circumstances, a longer sentence will impair his rehabilitation. In U.S. v. Autery, (9th Cir. 2009) 555 F. 3d 864, the Ninth Circuit upheld the District Court's finding that a defendant convicted of one count of child pornography possession would not be adequately accommodated in prison and would be better served by outpatient psychiatric treatment.

It is also important to note that for first-time offenders, like Tartaglia, long periods of incarceration can do more damage than good by isolating individuals from their communities. "When prison sentences are relatively short, offenders are more likely to maintain their ties to family, employers, and their community, all of which promote successful reentry into society. Conversely, when prisoners serve longer sentences they are more likely to become institutionalized, lose pro-social contracts in the community, and become removed from legitimate opportunities, all of which promote recidivism." *Deterrence in Criminal Justice, The Sentencing Project*, at pg. 7, Valerie Wright (Nov. 2010).

### C. Given Tartaglia's Substantive Efforts, The Government's Requested $30,000.00 Fine Serves No Purpose Whatsoever

In this case, a $30,000.00 fine unequivocally fails to comport with any factor of 18 U.S.C. Section 3553(a). Once again, Tartaglia from the get go has cooperated with S.A. Bach, U.S. Attorney's office, Pretrial Services, Counsel for "Maureen", paid $10,000.00 in restitution to "Maureen", paid for his psychological risk assessment, continues to pay for weekly therapy sessions, attends numerous sex addicts anonymous classes, does not go on the internet, does not have access to the internet, and the list goes on. Even though Tartaglia has the financial means to cover such an exorbitant fine over time, it serves no purpose other than punitive and nothing has been offered to justify such a fine

other than he has the means. Thus, Tartaglia respectfully asks this Court to not impose such an exorbitant fine.

## II. *A 30-Month Sentence Is A Just Sentence & Is Sufficient But Not Greater Than Necessary To Comply with 18 U.S.C. Section 3553(a)*

Tartaglia realizes his wrongdoing and the effects on the victims and societal interests in protecting them, and he agrees with protecting everyone in society especially minors. His personal letter[5] to your Honor is heartfelt and it is obvious that Tartaglia had to do a lot of soul searching in drafting this letter to the Court. Tartaglia characterizes the federal agents as "angels" because it was on the day the search warrant was executed that his life changed for the better and continues to improve to date. You will also find attached as Exhibit "E" numerous letters of recommendation that speak to his genuine character and rehabilitation.

Therefore and based on everything presented, Anthony Tartaglia asks this Court for a 30-month sentence and other terms and conditions that the Court deems are appropriate.

DATED: October 23, 2020　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　/s/ Carlos N. Iriarte

---

[5] Attached as Exhibit "D" is Tartaglia's letter to the Court and he also appreciates the opportunity to personally address the Court at the time of his sentencing hearing.

Carlos N. Iriarte
Attorney for Defendant

DEFENDANT ANTHONY TARTAGLIA'S SENTENCING POSITION